FELSNER v McDONALD RENT-A-CAR, INC

Docket No. 102475. Submitted October 14, 1988, at Detroit. Decided December 6, 1988.

Michael J. Felsner was injured when, while riding on a motorcycle, he was struck by a van owned by McDonald Rent-A-Car, Inc., and driven by Gregory G. Ferrebee. The van was insured by Ideal Mutual Insurance Company, which several months after the accident was adjudged insolvent. As a consequence of that insolvency, the Michigan Property and Casualty Guaranty Association became the statutory ancillary receiver to plaintiff's insurance claim. Plaintiff thereafter brought a negligence action in Wayne Circuit Court, naming as party defendants not only the owner and driver of the van but also the guaranty association. The guaranty association moved for summary disposition, asserting that by law it could not be named as a party defendant in an original action brought by the injured person. The trial court, Kaye Tertzag, J., granted the motion. Plaintiff appealed.

The Court of Appeals *held:*

1. It is clear that the Legislature intended the statutorily created guaranty association to be subject to the statutory provision which prohibits the naming of an insurer in the original action by an injured party against an insured. The same potential for bias exists whether ultimate liability for the payment of a judgment lies with an ordinary insurer or with the guaranty association as a statutorily mandated substitute for an insolvent insurer.

2. The liability of the guaranty association is derivative from that of the owner and driver. If plaintiff secures a judgment against those parties and the association fails to satisfy that judgment to the extent of its derivative liability, plaintiff may then commence an action against the guaranty association to enforce that judgment just as one, under similar circumstances,

REFERENCES

Am Jur 2d, Insurance § 1445.

See the Index to Annotations under Insurance and Insurance Companies.

would be able to do with respect to a claim in which there was a solvent private insurer.

Affirmed.

INSURANCE — PARTIES — PROPERTY AND CASUALTY GUARANTY ASSOCIATION.

The Michigan Property and Casualty Guaranty Association as receiver of an insolvent insurer may not be named as a defendant in a negligence action against the insureds under a policy issued by the insolvent insurer, since the guaranty association stands in the place of the insolvent insurer and is thus subject to the statutory injunction that an insurer shall not be named as a party defendant in an original action against the insured tortfeasor; the guaranty association's liability is derivative from the liability of the insureds; should the guaranty association fail to satisfy any judgment rendered against the insureds, the injured judgment creditor may thereafter seek enforcement of the judgment from the guaranty association in a separate action (MCL 500.7901 *et seq.*; MSA 24.17901 *et seq.*).

*Thomas W. Richard,* for plaintiff.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Robert D. Brignall*), for The Michigan Property and Casualty Guaranty Association.

Before: WEAVER, P.J., and MAHER and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiff appeals as of right from the July 20, 1987, order of the Wayne Circuit Court which granted summary disposition to defendant Michigan Property and Casualty Guaranty Association. MCR 2.116(C)(8). We affirm.

This suit involves the question whether plaintiff has the right to name the association as a party defendant in his original tort action against defendants McDonald Rent-A-Car, Inc., and Gregory Ferrebee. The underlying facts are not in dispute. On August 24, 1984, Ferrebee failed to yield at a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

stop sign and collided with plaintiff, who was driving a motorcycle. Plaintiff suffered severe injuries as a result of the accident. Ferrebee was driving a van which was rented from McDonald Rent-A-Car and was insured by the Ideal Mutual Insurance Company, a New York insurer. Several months after the accident, Ideal Mutual was adjudged insolvent. Consequently, the association was appointed ancillary receiver to plaintiff's insurance claim pursuant to the Property and Casualty Guaranty Association Act, MCL 500.7901 *et seq.*; MSA 24.17901 *et seq.*

On September 30, 1986, plaintiff filed the instant suit in the Wayne Circuit Court, naming Ferrebee, McDonald Rent-A-Car, and the association as party defendants.

On May 13, 1987, the association filed a motion for summary disposition under MCR 2.116(C)(8), asserting that Michigan law prohibits it from being named a party defendant in an original action brought by the injured person.

A hearing on the motion was held on June 5, 1987. At the conclusion of arguments, the judge stated the matter would be taken under advisement and a decision would be rendered at a later date. On July 20, 1987, an order was entered which granted summary disposition to the association only. Plaintiff thereafter claimed an appeal as of right from that order.

The sole issue presented on appeal is whether plaintiff was precluded, under Michigan law, from naming the association as a party defendant in the original tort action. This seems to be an issue of first impression.

The association is a creature of statute, it being created under the Property and Casualty Guaranty Association Act. MCL 500.7911; MSA 24.17911. It is comprised of insurance companies

(other than life and disability insurers) which, as a condition of doing business in this state, are required to join the association. *Id.; Metry, Metry, Sanom & Ashare v Michigan Property & Casualty Guaranty Ass'n,* 403 Mich 117, 118; 267 NW2d 695 (1978). The purpose of the act is to protect the public against financial losses to policyholders or claimants due to the insolvency of insurers. *Satellite Bowl, Inc v Michigan Property & Casualty Guaranty Ass'n,* 165 Mich App 768, 771; 419 NW2d 460 (1988), lv den 430 Mich 888 (1988). The act accomplishes this purpose by imposing a statutory duty upon the association to pay the obligations of insolvent insurers which constitute "covered claims," as defined by the act. MCL 500.7925, 500.7931(1); MSA 24.17925, 24.17931(1).

Generally, the association has the same rights, obligations, and liabilities of an insolvent insurer in regard to claims made by an injured party. MCL 500.7931(2); MSA 24.17931(2) provides in pertinent part:

> The association shall be a party in interest in all proceedings involving a covered claim and *shall have the same rights as the insolvent insurer would have had if not in receivership,* including the right to appear, defend, and appeal a claim in a court of competent jurisdiction; to receive notice of, investigate, adjust, compromise, settle, and pay a covered claim; and to investigate, handle, and deny a noncovered claim. [Emphasis added.]

One of the rights which the association claims should be available to it is the right not to be named as a party defendant in an original action brought by the injured person. MCL 500.3030; MSA 24.13030. We agree.

The reason that an insurer should not be named as a party defendant is that it would apprise the

jury that the tortfeasor carries liability insurance. Such knowledge is irrelevant and "tends to influence and prejudice jurors by imparting to them the information that whatever verdict they may render will be immaterial to the defendant, since he will not have to pay for it." 29 Am Jur 2d, Evidence, § 404, p 458. See also MRE 411. The possibility of influence and prejudice to the jury exists equally where, as here, the liability insurer was created by statute and was not the contractual insurer. We can think of no good policy reason— and plaintiff offers us none—for treating the association differently from a regular insurance company.

Plaintiff contends that MCL 500.3030; MSA 24.13030 is inapplicable because the application of its provisions is excluded by the provisions of MCL 500.7911(3); MSA 24.17911(3), which provides:

> The association shall be subject to the requirements of this chapter and of chapter 78 [MCL 500.7800 et seq.; MSA 24.17800 et seq.], but shall not be subject to the other chapters of this act. The association shall be subject to other laws of this state to the extent that it would be subject to those laws if it were an insurer organized and operating under chapter 50 [MCL 500.5000 et seq.; MSA 24.15000 et seq.], to the extent that those other laws are consistent with this chapter. [Emphasis added.]

On its face then, § 7911(3) seems to conflict with § 7931(2), which gives the association the same rights as the insolvent insurer (including, we believe, the right not to be named a party defendant, MCL 500.3030; MSA 24.13030). However, upon closer examination, the apparent conflict is easily reconciled.

It is clear that § 7911(3) is intended to relieve

the association of the burden of complying with other provisions of the Insurance Code. Section 7931(2), on the other hand, grants benefits to the association: to wit, the same rights as the insolvent insurer. The right embodied in MCL 500.3030; MSA 24.13030 is one such benefit. That section imposes no *burden* on the association, but rather gives it the *right* not to be named a party defendant in an original tort action by the injured party. The benefit/burden distinction is a reasonable reconciliation of §§ 7911(3) and 7931(2) and, therefore, should be recognized and enforced by this Court. See *Michigan Millers Mutual Ins Co v Farm Bureau General Ins Co,* 156 Mich App 823, 829; 402 NW2d 96 (1986), lv den 428 Mich 881 (1987).

Contrary to what plaintiff argues, we do not believe the right embodied in § 3030 is inapplicable simply because § 7931(2) enumerates certain rights available to the association and the right not to be named a party defendant is not one of those enumerated rights. The doctrine of *expressio unius est exclusio alterius* (the express mention of a thing implies the exclusion of other similar things) does not apply. A fair reading of the language of § 7931(2) does not lead one to the conclusion that the rights enumerated therein are all-inclusive. Rather, the enumerated rights are meant to illustrate the type of rights available to the association without being restrictive. Had the Legislature intended to limit the association's rights to those specifically enumerated in § 7931(2), it could have done so expressly. Because it did not, we decline to read § 7931(2) in the restrictive manner urged by plaintiff.

Plaintiff next claims that legislative history supports his position that the association was not intended to be an "insurer" as that word is used in

MCL 500.3030; MSA 24.13030. We find plaintiff's claim unpersuasive. The legislative history cited by plaintiff is simply a restatement of the law as expressed in § 7911(3), i.e., the association is not subject to the general provisions of the Insurance Code and is dependent upon the rights given to it under MCL 500.7901 *et seq.*; MSA 24.17901 *et seq.*

We likewise reject plaintiff's claim that the policy considerations underlying the law which forbids apprising a jury of the existence of liability insurance are no longer applicable today. Plaintiff asserts that "[t]here is no person who serves on a jury today who does not know, from his personal knowledge outside the courtroom, that liability insurance is involved in just about every personal injury claim." Be that as it may, the simple answer to plaintiff's claim is that MCL 500.3030; MSA 24.13030 and MRE 411 remain in effect. Therefore, we are bound to follow them, regardless of whether the underlying policy considerations are outdated.

We should point out at this time that the purpose of MCL 500.3030; MSA 24.13030 is to prevent jury bias to either party. The law does not just protect insurance companies from being assessed unusually large verdicts because of their "deep pockets." Indeed, especially in cases involving the association, a jury may react adversely to the injured party. The association is funded by its individual member insurance companies. MCL 500.7941; MSA 24.17941. No doubt, the companies obtain those funds by passing the costs on to insureds in the form of higher premiums. If a juror knows that a large verdict could result in being charged higher premiums, he or she may be reluctant to compensate the injured party fully. When insurance companies are involved in litigating an original tort claim, the door of potential

jury bias swings both ways. MCL 500.3030; MSA 24.13030 is meant to prevent inflaming a jury for or against either party.

Lastly, plaintiff argues that the association was wrongly dismissed from the lawsuit because he would not be able to enforce the statutory duty of the association to pay his covered claim unless it continued to be a party defendant. This argument is without merit. The association's liability, if any, is derivative of Ferrebee's and McDonald Rent-A-Car's. If a judgment is obtained against those parties, plaintiff would simply proceed in accordance with the plan of operation established by the association. MCL 500.7914; MSA 24.17914. If plaintiff has a grievance with the association directly (not derivatively), he would be entitled to bring suit against it—just as he would be able to bring suit against any private insurance company. Because this is the original tort action, the association's joinder as a party defendant was improper. Consequently, dropping the association from the suit was the appropriate remedy. MCR 2.207.

Affirmed.