SCHUBINER v NEW ENGLAND INSURANCE COMPANY

Docket No. 156350. Submitted August 1, 1994, at Detroit. Decided
September 16, 1994; approved for publication October 28, 1994,
at 9:00 A.M.

Jared M. and Sondra Schubiner brought an action in the Wayne
Circuit Court against Perry T. Christy, alleging, in part, attor-
ney malpractice. A default judgment was entered, and the
Schubiners served New England Insurance Company, Christy's
malpractice insurer, a writ of garnishment. The court, Kath-
leen MacDonald, J., granted summary disposition for New
England and dissolved the writ of garnishment. The Schubiners
appealed.

The Court of Appeals *held:*

The trial court did not err in granting summary disposition
for New England in view of Christy's failure to comply with a
provision in New England's "claims made" policy requiring
him to give written notice to New England of any malpractice
claim made against him.

Affirmed.

*Sommers, Schwartz, Silver & Schwartz* (by *Leo-
nard B. Schwartz* and *Patrick Burkett*), for the
Schubiners.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*
and *Hans H. J. Pijls*), for New England Insurance
Company.

Before: TAYLOR, P.J., and CONNOR and M. J.
CALLAHAN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from
the trial court order that granted summary dispo-
sition to defendant New England Insurance Com-
pany and dissolved plaintiffs' writ of garnishment.
We affirm.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In granting summary disposition to defendant New England, the trial court found that plaintiffs failed to show that the insured, defendant Perry T. Christy, had given formal written notice of claim to defendant New England as required under the contract. While the parties have briefed a number of other issues on appeal, this is the sole issue actually decided by the trial court, and so we limit our review to that issue. *Alyas v Gillard,* 180 Mich App 154, 159; 446 NW2d 610 (1989).

It is clear from the record that there was a written-notice provision in this "claims made" insurance policy. Plaintiffs presented no evidence that the required notice was made within either the 1984-85 or the 1985-86 policy period. Nor did plaintiffs present evidence indicating that there is a question of fact regarding whether notice was given as soon as "reasonably possible." *Stine v Continental Casualty Co,* 419 Mich 89, 107; 349 NW2d 127 (1984). The trial court did not err in granting summary disposition on the facts presented. MCR 2.116(C)(10); *Check Reporting Services, Inc v Michigan Nat'l Bank-Lansing,* 191 Mich App 614, 621-622; 478 NW2d 893 (1991).

We decline to apply the general insurance principle that the insurer must show prejudice where it is claiming lack of notice. See *Sherlock v Perry,* 605 F Supp 1001 (ED Mich, 1985). That principle developed in the context of "occurrence" insurance policies. See *Wendel v Swanberg,* 384 Mich 468; 185 NW2d 348 (1971). Given the facts of this case, and the clear discussion of "claims made" policies in *Stine, supra,* we see no basis for applying that principle here. See *Pacific Employers Ins Co v Superior Court,* 221 Cal App 3d 1348, 1357-1358; 270 Cal Rptr 779 (1990).

Affirmed.