ALYAS v ILLINOIS EMPLOYERS INSURANCE OF WAUSAU

Docket No. 152389. Submitted September 13, 1994, at Detroit. Decided January 17, 1995, at 9:20 A.M.

Hala Alyas, as personal representative of the estate of Manhal J. Alyas, brought a dramshop action in the Oakland Circuit Court against John Gillard, Jr., doing business as Eddie's Bar, and others. The plaintiff obtained a consent judgment against Eddie's Bar and served writs of garnishment on Illinois Employers Insurance of Wausau and others. Wausau filed a disclosure stating that it had no liability because no monies were owed to the principal defendant under any Wausau insurance policy. The court, Robert L. Templin, J., granted summary disposition for Wausau. The Court of Appeals, HOOD, P.J., and CAVANAGH and J. W. FITZGERALD, JJ., reversed. 180 Mich App 154 (1989). On remand, the trial court granted summary disposition for Wausau on the basis of the plaintiff's failure to contest Wausau's disclosure. The plaintiff appealed.

The Court of Appeals held:

MCR 3.101(M)(2) provides that facts stated in a garnishment disclosure must be accepted as true unless the plaintiff timely has served interrogatories or a notice of deposition, or another party has filed a pleading or motion denying the accuracy of the disclosure. Under MCR 3.101(J)(1) (now MCR 3.101[L][1]), a plaintiff has fourteen days after service of the garnishee defendant's disclosure to serve the garnishee defendant with written interrogatories or a notice of deposition. In this case, the plaintiff failed to serve Wausau with interrogatories or a notice of deposition within the required period. Accordingly, the trial court was required to accept as true Wausau's disclaimer of liability to the principal defendant, and the trial court did not err in granting summary disposition for Wausau.

Affirmed.

REFERENCES

Am Jur 2d, Executions and Enforcement of Judgments §§ 709, 710.

See ALR Index under Attachment or Garnishment; Judgments, Orders, and Decrees.

FITZGERALD, J., dissenting, stated that summary disposition for Wausau would be inequitable and would exalt form over substance because Wausau did not assert the plaintiff's failure to contest timely the garnishment disclosure as a ground for summary disposition until its second motion for summary disposition, by which time extensive discovery had been conducted and the plaintiff had challenged the disclosure. The order granting summary disposition should be reversed and the case should be remanded to the circuit court.

GARNISHMENT — DISCLOSURES.

Facts stated in a garnishee defendant's disclosure must be accepted as true unless the plaintiff timely has served interrogatories or a notice of deposition, or another party has filed a pleading or motion denying the accuracy of the disclosure (MCR 3.101[J][1] [now (L)(1)], [M][2]).

*John J. Grech & Associates, P.C.* (by *John J. Grech*) (*Bendure & Thomas* by *Mark R. Bendure* and *Victor S. Valenti*), for Hala Alyas.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Michael F. Schmidt* and *Maurice A. Borden*), for Illinois Employers Insurance of Wausau.

Before: SAWYER, P.J., and FITZGERALD and T. S. EVELAND,* JJ.

SAWYER, P.J. Plaintiff appeals from an order of the circuit court granting summary disposition for garnishee defendant Illinois Employers Insurance of Wausau (Wausau). We affirm.

Plaintiff's decedent was killed in an automobile accident. Plaintiff thereafter obtained a consent judgment against Eddie's Bar, which allegedly had served alcohol to the driver of the other vehicle involved in the accident. Garnishee defendant Wausau was the excess liability insurer for Eddie's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Bar.[1] Plaintiff thereafter filed writs of garnishment against Wausau and others. Wausau filed a garnishee disclosure and an answer that denied all liability on several grounds.[2] Summary disposition in favor of the insurance companies had been granted on grounds not relevant here and that grant of summary disposition was reversed by this Court in a prior opinion. *Alyas v Gillard,* 180 Mich App 154; 446 NW2d 610 (1989). On remand, the trial court again granted summary disposition in favor of Wausau, this time for plaintiff's failure to contest Wausau's garnishment disclosure within fourteen days as required by court rule.

The only issue on appeal is whether the trial court correctly granted summary disposition on the basis of plaintiff's failure to contest Wausau's disclosure. We agree with defendant that summary disposition was properly granted. MCR 3.101(M)(2) provides that facts stated in a garnishment disclosure must be accepted as true unless the plaintiff has served interrogatories or a notice of deposition within the time allowed by subrule J(1) or another party has filed a pleading or motion denying the accuracy of the disclosure. Under MCR 3.101(J)(1),[3] a plaintiff has fourteen days after service of the garnishee defendant's disclosure to serve the garnishee defendant with written interrogatories or notice of deposition. It is undisputed that in the case at bar plaintiff failed to do so within fourteen days. Accordingly, under subrule M(2), the trial court was required to accept as true the facts

---

[1] The primary liability carrier was Union Indemnity Insurance Company of New York, with Michigan Property & Casualty Guaranty Association assuming responsibility for Union Indemnity's duties under the policy when Union Indemnity went into receivership. Defendant Citizens Insurance Company of America was acting as MPCGA's servicing agent.

[2] Defendant Citizens also filed a disclosure denying liability.

[3] Now MCR 3.101(L)(1).

stated in Wausau's garnishment disclosure. That disclosure stated that there was no liability inasmuch as no monies were owed under any policy of insurance by Wausau to the principal defendant. Because that fact must be accepted as true, summary disposition in favor of Wausau was appropriate.

Plaintiff argues that Wausau should not be entitled to summary disposition because its disclosure was late and, therefore, its failure to file a timely disclosure should excuse plaintiff from the time limit imposed by MCR 3.101(M)(2). We disagree. While it does appear that Wausau's disclosure was late, the remedy provided by court rule is that plaintiff *may* take a default against the garnishee defendant. MCR 3.101(R)(1).[4] Plaintiff, however, did not take a default against Wausau before the filing of Wausau's disclosure. Indeed, plaintiff did not seek a default against Wausau until after Wausau had moved for summary disposition. Simply put, plaintiff could have taken a default against Wausau, but did not. That does not change the fact that, under subrule M(2), the statements in the disclosure Wausau eventually filed must be accepted as true because of plaintiff's failure to contest those statements.

Next, plaintiff asserts that defendant's disclosure was defective because it did not state the date and manner in which defendant gave notice to the principal defendant as required by the former provisions of MCR 3.101(H)(3). First, it is not at all clear from the record that Wausau did, in fact, fail to comply with the court rule. It used a garnishee disclosure form approved by the State Court Administrative Office, which included an instruction to forward a copy to the principal defendant, and

---

[4] Now MCR 3.101(S)(1).

the form included the principal defendant's name and address in the appropriate location. Second, even assuming that Wausau failed to comply with this requirement of the court rule, we fail to see why that failure should in any way excuse plaintiff's obligation under subrule M(2) to contest timely the facts stated in the garnishee disclosure, given that the requirement affects the principal defendant's interest.

Next, plaintiff argues that defendant's disclosure was deficient because it failed to disclose that it was an excess carrier or how much coverage was provided and, instead, simply stated that there was no liability. This argument, however, is relevant to the accuracy of the garnishee disclosure, and the accuracy of the disclosure is precisely what plaintiff is now precluded from arguing in light of plaintiff's failure to challenge the disclosure's statement of nonliability within the period required under subrule M(2).

Plaintiff also argues that summary disposition was inappropriate because Wausau suffered no prejudice from plaintiff's delay. However, there is no prejudice requirement under the court rule, but the court rule does make it mandatory to accept as true the statements in the disclosure unless challenged within the required period. MCR 3.101(M)(2).[5]

Finally, plaintiff argues that Wausau has waived its right to summary disposition of this issue because it had voluntarily engaged in discovery before raising this issue in its renewed motion for

---

[5] In this context, plaintiff also argues that his delay in seeking discovery should be excused because of the complexities of the case. That argument, however, overlooks the fact that plaintiff could have sought an extension of the time for the filing of interrogatories or the taking of depositions under MCR 3.101(T). Therefore, plaintiff could have obtained an extension if it was truly necessary. However, plaintiff did not seek such an extension from the trial court.

summary disposition. We disagree. While we certainly encourage parties to raise dispositive issues as soon as is practicable so as to avoid unnecessary litigation, the failure to do so is not grounds to thereafter deny the motion.

Affirmed. Defendants may tax costs.

T. S. EVELAND, J., concurred.

FITZGERALD, J. *(dissenting)*. Given the procedural background of this case, I must respectfully dissent.

There is no dispute that plaintiff failed to contest within fourteen days after service the garnishee disclosure filed by Illinois Employers Insurance of Wausau (Wausau). Under MCR 3.101(M)(2), the trial court would be required to accept as true the facts in Wausau's garnishment disclosure wherein liability was denied and, consequently, a grant of summary disposition would be proper.

In this case, however, the trial court did not originally grant summary disposition for Wausau on this ground, although this ground was raised in Wausau's original motion. The trial court's April 18, 1988, order granting summary disposition was reversed by this Court on September 6, 1989.[1] The Supreme Court denied defendant's application for leave to appeal on July 17, 1990.[2]

Wausau waited sixteen months after the Supreme Court denied leave to appeal before refiling its motion for summary disposition based on plaintiff's failure to contest timely Wausau's garnishee disclosure. During this sixteen-month period, plaintiff challenged the disclosure and the parties engaged in extensive discovery. By the time Wausau refiled its motion for summary disposition, the

[1] 180 Mich App 154; 446 NW2d 610 (1989).
[2] 435 Mich 867 (1990).

technical defect had been cured. Under these circumstances, I believe it would be inequitable, and it would exalt form over substance, to deny plaintiff the right to an adjudication of the claim on its merits. I would reverse the grant of summary disposition in favor of Wausau and remand the case.