CLAY v AMERICAN CONTINENTAL INSURANCE COMPANY

Docket No. 171333. Submitted February 14, 1995, at Grand Rapids. Decided April 4, 1995, at 9:00 A.M. Leave to appeal sought.

Thompson Clay sought in the Kent Circuit Court garnishment of American Continental Insurance Company as a result of a consent judgment he had secured against Ferguson Clinic for Digestive Diseases, P.C., which allegedly was insured under a $1,000,000 policy issued by American Continental. Clay had brought a malpractice action against Ferguson Clinic and Dr. Manuel Campos. Although American Continental had been informed of the malpractice action, it had denied coverage and neither had offered to defend nor had taken part in the settlement negotiations. Clay, Ferguson Clinic, and Campos reached a settlement that provided that a consent judgment in the amount of $1,200,000 would be entered against Ferguson Clinic, with the judgment further providing that the plaintiff would pursue enforcement of that portion of the judgment in excess of $200,000 against American Continental only and would not seek to enforce that portion of the judgment against Ferguson Clinic, the first $200,000 being paid by another insurer of Ferguson Clinic. American Continental moved for summary disposition on several bases, including that the judgment, in effect, released Ferguson Clinic from liability for any amount in excess of $200,000 and, thus, also released it from liability for that portion of the judgment. The court, Donald A. Johnston, J., granted summary disposition for American Continental on that basis. Following the court's denial of his motion for reconsideration, the plaintiff appealed.

The Court of Appeals *held:*

The facts of this case are in all significant respects indistinguishable from those in *Alyas v Gillard,* 180 Mich App 154 (1989), in which the Court held that the limitations contained in a consent judgment relative to the sources from which satisfaction of the judgment could be sought did not act as a release of the defendant such as would release the insurer of the defendant from its obligation under an insurance policy issued to the defendant. Accordingly, the circuit court in this case erred in granting summary disposition for American Continental on the basis that the source-of-satisfaction language in

the consent judgment acted to release American Continental from its liability, if any, under the policy it had issued.
Reversed and remanded.

*Boyden, Waddell, Timmons & Dilley* (by *Dale M. Strain, Jr.,* and *William J. Waddell*), for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for the garnishee-defendant.

Before: NEFF, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's grant of summary disposition for garnishee defendant American Continental Insurance Company pursuant to MCR 2.116(C)(10). The trial court found that the consent judgment executed by plaintiff and defendant Ferguson Clinic for Digestive Diseases, P.C., also known as Ferguson Clinic, P.C., constituted a covenant not to collect more than $200,000 from Ferguson Clinic, which in turn negated American Continental's obligation, as Ferguson Clinic's insurer, to satisfy the balance of the settlement amount. The trial court also denied plaintiff's motion for reconsideration, finding the decision in *Alyas v Gillard,* 180 Mich App 154; 446 NW2d 610 (1989), to be factually inapposite to the case at bar. Finding upon review de novo that genuine issues of material fact exist and that American Continental is not entitled to judgment as a matter of law, *Allstate Ins Co v Elassal,* 203 Mich App 548, 552; 512 NW2d 856 (1994), we reverse and remand.

In April 1992, plaintiff filed his medical malpractice action against Ferguson Clinic and Manuel Campos, M.D. Both Ferguson Clinic and Dr. Campos were insured under a professional liability insurance policy issued by Michigan Physicians

Mutual Liability Company; the policy limits were $200,000. Ferguson Clinic and Dr. Campos subsequently offered to settle the case for the policy limits, and settlement discussions ensued in March 1993.

When plaintiff requested an attestation to the effect that no other insurance policies existed that would apply to plaintiff's claim, Ferguson Clinic's representative conducted an investigation and discovered American Continental's insurance liability policy, which purportedly covered Ferguson Clinic.[1] This policy had a coverage limit of $1,000,000. The record is unclear regarding the date that Ferguson Clinic's counsel notified American Continental about plaintiff's claim. Regardless, correspondence in April 1993 from American Continental's parent corporation indicated that it was denying coverage, "based on the descriptive nature of the claim."

In May 1993, the parties executed a consent judgment in plaintiff's favor for $1,200,000. The judgment also contained the following condition:

> Plaintiff may only pursue enforcement of this Judgment by consent in excess of $200,000 from American Continental Insurance Co., its successor or assigns, and plaintiff may not seek to enforce this Judgment by consent against any other asset or income of defendant, whether individual or joint, tangible or intangible, past, present, or future. The terms of this Judgment may not be publicly disclosed without further order of this Court.[2]

---

[1] The policy issued by American Continental listed Ferguson Hospital and Ferguson Clinic as named insureds, but a question of fact exists with respect to whether this policy actually insured Ferguson Clinic or whether an endorsement executed before the settlement date effectively deleted Ferguson Clinic from the policy.

[2] Upon payment of the $200,000 in partial satisfaction of the consent judgment, plaintiff voluntarily dismissed Dr. Campos from

Plaintiff subsequently filed a writ of garnishment based upon the consent judgment against American Continental. American Continental filed a motion for summary disposition asserting, among other coverage issues, that the covenant-not-to collect language contained in the consent judgment negated American Continental's obligation to satisfy the balance of the judgment. In its bench opinion granting American Continental's motion, the trial court found that because Ferguson Clinic and Dr. Campos were not liable with respect to the $1,000,000 balance of the consent judgment, American Continental was not obligated to pay that amount, even assuming that coverage existed under American Continental's policy. The court reasoned that American Continental's obligation to provide coverage, if any, was limited to the loss sustained by its insured, i.e., $200,000. The trial court also rejected plaintiff's motion for reconsideration, despite this Court's decision in *Alyas, supra.* We reverse and remand.

We believe that the decision in *Alyas* is factually similar and legally controlling here. In *Alyas,* the plaintiffs filed dramshop actions against the defendant, the owner of Eddie's Bar, alleging that the bar had served the drunk driver who injured the plaintiffs. *Id.* at 157. When the defendant's primary insurer became insolvent, Michigan Property and Casualty Guarantee Association (MPCGA) inherited, by statute, the duty to indemnify and defend, which it assigned to Citizens Insurance Company of America. *Id.* at 157-158. The defendant hired his own attorney to represent the bar, and this attorney gave notice of the claims against the bar to MPCGA and Illinois Employers Insurance of Wausau, the bar's excess liability carrier. De-

this action; thus, we will only refer to Ferguson Clinic as the insured and remaining malpractice defendant for purposes of our discussion.

spite this notice, MPCGA refused to defend. *Id.* at 158.

Consequently, counsel for the bar entered into a consent judgment with the plaintiffs settling each of the two cases against the bar for $150,000. *Id.* The consent judgments also provided that the judgments were to be satisfied solely from the proceeds of any liability insurance available to the bar. Further, the judgments relieved both the defendant and the bar "from any and all liability." *Id.* at 161. The plaintiffs subsequently filed writs of garnishment against the bar's insurers. MPCGA, Citizens, and Wausau responded by filing motions for summary disposition, which were raised and granted pursuant to MCR 2.116(C)(10). *Id.* at 158.

In granting the motions, the trial court in *Alyas* determined that the consent judgment released the bar from personal liability, thereby releasing the insurers from liability, because the insurers' duties to pay were contingent on the bar's legal obligation to pay damages. *Id.* at 159. Thus, the trial court in *Alyas* concluded that the consent judgment released not only the bar but also its insurers from liability. *Id.* at 161.

In reversing the trial court's grant of summary disposition, this Court in *Alyas* determined that the consent judgment did not release the insurers from liability:

> There is no claim that the consent judgment is not valid or binding as to plaintiff, [sic] Alyas [sic] John Gillard and the bar. At the time the judgment was entered, the bar was involved in actual litigation and was facing liability. *The language of the judgment does not release Gillard or the bar. It specifically provides that the bar is liable in the amount of $150,000.* The agreement limits the assets that plaintiff may pursue. *If the insurers are liable to their insured up to the amount*

*agreed upon, then plaintiff has agreed to seek
satisfaction from the insurers. [Id.* at 161-162; em-
phasis added.]

We believe that the instant case is neither factu-
ally inapposite nor significantly distinguishable
from *Alyas.* In this case and in *Alyas,* the insured
party notified its insurer of a claim against the
insured, and the insurer chose not to indemnify or
defend. *Id.* at 157-158. In both cases, the insured
persuaded the injured party to accept the risk of
collecting all or most of the consent judgment
damages from the notified insurer, despite the
possibility that the collection action could fail. *Id.*
at 161-162. Unlike the consent judgment in *Alyas,*
however, the consent judgment in the present case
did *not* relieve Ferguson Clinic from any and all
liability; instead, the covenant not to collect only
required that plaintiff pursue American Continen-
tal to collect the $1,000,000 balance of the judg-
ment. *Id.* at 161.

When the parties entered into the consent judg-
ment in this case, Ferguson Clinic was facing
liability for medical malpractice. Nothing in the
judgment released Ferguson Clinic; rather, the
consent judgment specifically states that Ferguson
Clinic is liable in the amount of $1,200,000. The
consent judgment merely limits the assets that
plaintiff may pursue. *Id.* at 162. Thus, assuming
that American Continental is liable to Ferguson
Clinic, then the covenant not to collect merely
commits plaintiff to seek satisfaction of the bal-
ance of the judgment from American Continental.
*Id.* The consent judgment does not, however, re-
lieve American Continental from its obligations to
indemnify Ferguson Clinic, assuming that Ameri-
can Continental is legally bound to provide cover-
age. We readily acknowledge that several genuine

issues of material fact exist with respect to insurance coverage, which preclude summary disposition pursuant to MCR 2.116(C)(10). *Allstate Ins Co, supra.* These issues are best addressed on remand.

Accordingly, in light of this Court's opinion in *Alyas, supra,* we reverse the trial court's grant of summary disposition for American Continental and remand for further proceedings to resolve the issues of fact including but not limited to American Continental's duty to indemnify Ferguson Clinic. We do not retain jurisdiction.