# STATE OF MICHIGAN

# COURT OF APPEALS

KURT R. MEYER,

      Plaintiff/Garnishor-Appellant,

v

HEATHER JO HUNT and JENNIFER MARIE
PIERCE,

      Defendants,

and

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

      Garnishee Defendant-Appellee.

UNPUBLISHED
January 15, 2015

No. 318074
Calhoun Circuit Court
LC No. 2011-002818-NI

Before: TALBOT, C.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

In this insurance coverage dispute, plaintiff, Kurt R. Meyer, appeals by right the trial court's order granting the motion for summary disposition by garnishee defendant, Farm Bureau Mutual Insurance Company of Michigan. Because we conclude there were no errors warranting relief, we affirm.

Defendant Heather Jo Hunt worked as a child care provider for defendant Jennifer Marie Pierce. She stayed at Pierce's home during weekdays and watched over Pierce's three children. Hunt returned to her parents' home on weekends. Pierce paid Hunt approximately $600 per month for her services and had no other source of income.

In June 2009, Hunt was at Pierce's home when Pierce's children found a kitten. Pierce did not want the kitten inside and Hunt offered to take the kitten to her parents' home. Later that afternoon, Hunt drove Pierce to work in Pierce's car. Hunt brought the children and the kitten along and, after dropping Pierce off, drove toward her parents' home. On the way there, Hunt was involved in an incident that led to an accident.

Pierce insured her car with State Farm Mutual Automobile Insurance Company. It is undisputed that Hunt was covered under the State Farm policy because she was operating Pierce's car with Pierce's knowledge and consent.

-1-

In September 2011, Meyer sued Hunt and Pierce and State Farm provided a defense for them. During the course of discovery it was suggested that Hunt was also covered under a policy issued by Farm Bureau to Hunt's father. In July 2012, Farm Bureau informed Hunt by letter that she was not covered under her father's policy at the time of the accident because she was driving her employer's vehicle during the course of her employment.

Meyer later settled with Hunt and Pierce. Meyer agreed to accept $80,000 from State Farm under its policy covering Pierce's car and, in exchange, Meyer released Pierce from all claims arising out of the accident. In addition, as part of the settlement, Hunt stipulated to the entry of a judgment of $300,000 against her, but Meyer agreed that he would not seek to collect from any source other than the policy issued by Farm Bureau to Hunt's father. The trial court then dismissed Pierce from the suit and entered the consent judgment against Hunt.

In January 2013, Meyer obtained a writ of garnishment against Farm Bureau for the judgment against Hunt. Farm Bureau objected to the garnishment and later moved to dismiss it on the ground that its insurance policy did not cover Hunt at the time of the accident. The trial court granted the motion.

On appeal, Meyer argues that the trial court erred when it granted Farm Bureau's motion for summary disposition under MCR 2.116(C)(10). This Court reviews de novo a trial court's decision on a motion for summary disposition. *Grandberry-Lovette v Garascia*, 303 Mich App 566, 572; 844 NW2d 178 (2014). This Court also reviews de novo whether the trial court properly construed the insurance agreement at issue. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

Here, even assuming that Hunt was domiciled with her father and—for that reason— covered under the no-fault policy issued by Farm Bureau to him, Hunt would nevertheless not be entitled to coverage if, under the undisputed facts, an exclusion applied. See *Brown v Farm Bureau Gen Ins Co of Mich*, 273 Mich App 658, 661-665; 730 NW2d 518 (2007). When construing an insurance policy, this Court must enforce clear and specific exclusions because an "insurance company cannot be found liable for a risk it did not assume." *Group Ins Co of Mich v Czopek (After Remand)*, 440 Mich 590, 597; 489 NW2d 444 (1992).

The policy issued by Farm Bureau to Hunt's father specifically excluded coverage if, at the time of the accident, an insured was "using any non-owned auto[1] while employed or otherwise engaged in any business not described in" another exclusion. The Farm Bureau policy did not define the word "employed." However, "[o]mitting the definition of a word that has a common usage does not create an ambiguity within the policy." *Id.* at 596. Instead, if a term is not clearly defined in an insurance policy, the term is given its commonly used meaning. *Id.*

---

[1] The parties do not dispute that Pierce's car was a "non-owned auto" under the policy.

The verb "employ" means to "hire" or "engage the labor or services of (a person or persons)." *Random House Webster's College Dictionary* (1997). The term "business" was defined in the policy to mean "a trade, profession, or occupation, other than farming, whether full or part-time." The word "occupation" is commonly understood to mean "a person's usual or principal work, esp. in earning a living." *Random House Webster's College Dictionary* (1997). Therefore, under the plain language of the employment exclusion, the policy did not cover the accident if Hunt was using Pierce's car while engaged for her services *or* while she was otherwise engaged in her usual or principal work. "The disjunctive term 'or' refers to a choice or alternative between two or more things." *Yankee Springs Twp v Fox*, 264 Mich App 604, 608; 692 NW2d 728 (2004).

The undisputed evidence presented on the motion for summary disposition established that, whether characterized as a formal or informal babysitting arrangement, Hunt was working as a child care provider at the time of the accident. Hunt testified that, at the time of the accident, she was "caring for the children of Jennifer Pierce, and was being compensated for providing that care," which was her usual or principal work. Moreover, the evidence showed that she drove her employer to work and was transporting her employer's children, who were under her immediate care, and that she was doing so to resolve an issue involving the children—namely, to find a home for the kitten that they found earlier that day. Because there was no evidence from which a reasonable jury could find that Hunt was not working at the time of the accident, the work exclusion applied and precluded coverage. Even though the trial court granted summary disposition to Farm Bureau on a different ground, this Court will affirm if the court came to the correct result. *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 86; 592 NW2d 112 (1999).

The trial court erred when it relied on the "other insurance" clause as a basis to preclude coverage because such a clause is inapplicable until it has been determined that the policy provides coverage. *Bosco v Bauermeister*, 456 Mich 279, 295-296; 571 NW2d 509 (1997). Because Farm Bureau was not required to provide coverage under the employment exclusion, the "other insurance" clause was inapplicable, and we decline to address this argument further. For similar reasons, we reject Meyer's contention that Farm Bureau was bound by the settlement agreement. Farm Bureau could only be bound by the settlement if the policy actually covered the accident; because the policy did not cover the accident at issue, Farm Bureau was not bound by the settlement. *Clay v American Continental Ins Co*, 209 Mich App 644, 649; 531 NW2d 829 (1995).

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly

-3-